UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| SOPHIA ADAMS, o/b/o [J.] [A.], )<br>)<br>　　　　*Plaintiff* )<br>)<br>v. )<br>)<br>JO ANNE B. BARNHART, )<br>**Commissioner of Social Security,** )<br>)<br>　　　　*Defendant* ) | *Docket No. 05-134-B-W* |

### REPORT AND RECOMMENDED DECISION[1]

This Supplemental Security Income ("SSI") appeal involves an application for disability benefits submitted by the plaintiff on behalf of her minor son. The commissioner denied benefits. The plaintiff contends that the administrative law judge erred in finding that her son's impairments of attention deficit hyperactivity disorder ("ADHD"), anxiety and an "off mood condition" do not meet or equal the elements of any of three impairments included in Appendix 1 to Subpart P. 20 C.F.R. Part 404 (the "Listings"). She also contends that the administrative law judge was required to consult a medical expert but did not do so, interpreting raw medical data on his own in violation of the standard established by *Manso-Pizarro v. Secretary of Health & Human Servs.*, 76 F.3d 15, 18 (1st Cir. 1996). I recommend that the court affirm the commissioner's decision.

---

[1] This action is properly brought under 42 U.S.C. § 1383(c)(3). The commissioner has admitted that the plaintiff has exhausted her administrative remedies. The case is presented as a request for judicial review by this court pursuant to Local Rule 16.3(a)(2)(A), which requires the plaintiff to file an itemized statement of the specific errors upon which she seeks reversal of the commissioner's decision and to complete and file a fact sheet available at the Clerk's Office. Oral argument was held before me on March 2, 2006, pursuant to Local Rule 16.3(a)(2)(C) requiring the parties to set forth at oral argument their respective positions with citations to relevant statutes, regulations, case authority and page references to the administrative record.

The sequential evaluation process usually followed by the commissioner in making disability determinations , *see* 20 C.F.R. § 416.920; *Goodermote v. Secretary of Health & Human Servs.*, 690 F.2d 5,6 (1st Cir. 1982), is somewhat modified when the claimant is a child, 20 C.F.R. § 416.924. In accordance with that section, the administrative law judge determined that the claimant, who was ten years old at the time of the decision, had ADHA, anxiety and an "off mood" condition, impairments that were severe but which did not meet of equal the criteria of any impairment included in the Listings, Findings 3-4, Record at 24; that none of the impairments was functionally equivalent to any included in the Listings, Finding 5, *id.*; and that he accordingly had not been under a disability at any time from the alleged onset date through the date of the decision, Finding 7, *id*. The Appeals Council declined to review the decision, *id*. at 4-6, making it the final determination of the commissioner, 20 C.F.R. § 416.1481; *Dupuis v. Secretary of Health & Human Servs.*, 869 F.2d 622, 623 (1st Cir. 1989).

The standard of review of the commissioner's decision is whether the determination made is supported by substantial evidence. 42 U.S.C. § 1383(c)(3); *Manso-Pizarro*, 76 F.3d at 16. In other words, the determination must be supported by such relevant evidence as a reasonable mind might accept as adequate to support the conclusion drawn. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Rodriguez v. Secretary of Health & Human Servs.*, 647 F.2d 218, 222 (1st Cir. 1981).

## Discussion

When a claim for benefits is made on behalf of a child, the commissioner must first determine whether the alleged impairment is severe. 20 C.F.R. § 416.924(a), (c). If the impairment is found to be severe, as was the case here, the question becomes whether the impairment is one that is listed in Appendix 1, or that "medically equals, or functionally equals the listings." 20 C.F.R. § 416.924(a). If the impairment, or combination of impairments, does not meet or equal this standard, the child is not

disabled. 20 C.F.R. § 416.924(d)(2). An impairment or combinations of impairments is medically equal in severity to a listed impairment when the medical findings are at least equal in severity and duration to the listed findings; medical equivalence must be based on medical findings. 20 C.F.R. § 416.926(a) & (b). Medical evidence includes symptoms, signs and laboratory findings, including psychological or developmental test findings. Appendix 1, § 112.00(B). An impairment or combination of impairments is functionally equivalent to a listed impairment when it results in marked limitations in two domains of functioning or an extreme limitation in one domain, based on all of the evidence in the record. 20 C.F.R. § 416.926a(a) & (b). A "marked" limitation occurs when an impairment or combination of impairments interferes seriously with the claimant's ability independently to initiate, sustain or complete activities. 20 C.F.R. § 416.926a(e)(2). An "extreme" limitation exists when an impairment or combination of impairments interferes very seriously with the claimant's ability independently to initiate, sustain or complete activities. 20 C.F.R. § 416.926a(e)(3). No single piece of information taken in isolation can establish whether a particular limitation is marked or severe. 20 C.F.R. § 416.926a(d)(4).

In this case, the plaintiff contends that the administrative law judge's failure to discuss any of three specific Listings makes his opinion "insufficient to allow for meaningful review," necessitating remand. Itemized Statement of Errors, etc. ("Itemized Statement") (Docket No. 6) at 3. She identifies Listings 112.06, 112.11 and 112.04 as the Listings that should have been addressed.[2] *Id*. Her statement of errors does not suggest how the evidence meets the requirements of any of these Listings; it only contends that the administrative law judge's analysis is too conclusory, citing *Brindisi v. Barnhart*, 315 F.3d 783 (7th Cir. 2003). *Id*. In that case, the Seventh Circuit held that "[t]he omission

---

[2] At the hearing, counsel for the plaintiff stated that an anxiety disorder and ADHD were the claimant's impairments, as well as "a history of migraine headaches" and an "overlay of depression." Record at 340, 344. The three listings cited by the plaintiff in her itemized statement have nothing to do with headaches. The plaintiff has waived any claim based on that asserted impairment.

of any discussion of [the claimant's] impairments in conjunction with the listings frustrates any attempt at judicial review, especially in a case such as this where a claim is made under three different listings." *Brindisi*, 315 F.3d at 786. However, the mere omission of references to specific Listings, without more, cannot require remand. To hold otherwise would be to exalt form over substance. Neither *Small v. Califano*, 565 F.2d 797 (1st Cir. 1977), nor *Miranda v. Secretary of Health, Educ. & Welfare*, 514 F.2d 996 (1st Cir. 1975), the only other authority cited by the plaintiff, supports the sweeping principle which she advocates. Both simply require the administrative law judge to make specific factual findings about impairments rather than relying on conclusory statements. *Small*, 565 F.2d at 801; *Miranda*, 514 F.2d at 999.

In this case, the administrative law judge's opinion is not limited to conclusory statements. He provided analysis and reasons for his conclusions with respect to functional equivalence; he evaluated the evidence in terms of the requirements of 20 C.F.R. § 416.926a. Record at 21-23. That regulation deals with the analysis of functional equivalence of a Listing. The plaintiff contends that the claimant's impairments medically equal the cited Listings. Itemized Statement at 2-4. The administrative law judge's discussion of meeting or medically equaling a Listing is far less extensive. After reviewing the evidence, the administrative law judge's entire analysis of this prong of the evaluation procedure for children's claims is as follows:

> It is determined that [J.] [A.] is a smart, well behaved and relaxed child who[] is doing OK in school and who[] is functioning well with his current medications. He relies constantly on his mother at home, but he is more independent at school.
> The evidence and testimony at the hearing do[] not make any determination that the child's impairment(s) meet or medically equal any of the listings. Moreover, there is no evidence provided by any treating or examining physician to indicate that the child's impairment(s) meet or medically equal any of the listings.

4

Record at 20. This statement is inadequate as an analysis of the question whether the claimant's impairments meet or medically equal a Listing. However, it is the burden of the plaintiff challenging the commissioner's decision to identify evidence in the record that, if properly considered, could support a conclusion that the claimant's impairments do meet or medically equal a given Listing.

At oral argument, counsel for the plaintiff conceded that Listing 112.04, mood disorders, was not met on the evidence before the administrative law judge. Listing 112.06, anxiety disorders, (A) requires medically documented findings of at least one of the following: (i) excessive anxiety manifested when the child is separated, or separation is threatened, from a parent or parent surrogate, (ii) excessive and persistent avoidance of strangers, (iii) persistent unrealistic or excessive anxiety and worry accompanied by motor tension, autonomic hyperactivity, or vigilance and scanning; (iv) a persistent irrational fear of a specific object, activity or situation, (v) recurrent severe panic attacks; (vi) recurrent obsessions or compulsions which are a source of marked distress; or (vii) recurrent and intrusive recollections of a traumatic experience; and (B) must indicate that the foregoing results in at least two of the following: marked impairment in age-appropriate cognitive/communication function, documented by medical findings, marked impairment in age-appropriate social functioning, documented by history and medical findings, marked impairment in age-appropriate personal functioning, documented by history and medical findings, and marked difficulties in maintaining concentration, persistence or pace. Listing 112.06 (incorporating by reference the (B) criteria from Listing 112.04).

Listing 112.11, ADHD, requires medically documented findings of all of the following: (i) marked inattention, (ii) marked impulsiveness; and (iii) marked hyperactivity, and satisfaction of the B criteria as specified in Listing 112.04. The plaintiff has not identified in her statement of errors the necessary medical evidence in the record for each of the criteria for any of the three Listings on

which she relies.³ My review of the record has not located the necessary evidence. In the absence of such evidence, the administrative law judge's failure to provide an adequate analysis, *see* 20 C.F.R. § 416.926, cannot provide grounds for remand. *See Maggard v. Apfel*, 167 F.3d 376, 380 (7th Cir. 1999) (claimant bears burden of proving condition meets or equals listed impairment); *Lowery v. Commissioner*, 55 Fed.Appx. 333, 341 (6th Cir. 2003) (same for claim for childhood benefits; "even though the ALJ's position lacked substantial evidence, the burden of proof remains with [the claimant's] mother to prove that her daughter suffers from a marked limitation").

With respect to functional equivalence, the administrative law judge did a better job. To find that a child's impairments are the functional equivalent of a Listing, the regulations require that the impairment have resulted in "marked" limitations in two domains or an "extreme" limitation in one domain, of the six listed domains. 20 C.F.R. § 416.926a(a) & (b)(1). Here, the administrative law judge found that the claimant suffered from limitations in each of the domains that were less than marked, and stated his reasons for each such finding. Record at 21-23. This analysis cannot fairly be characterized as conclusory or "only a summary assertion." Itemized Statement at 4.⁴ Counsel for the plaintiff at oral argument disavowed reliance on any challenge to the administrative law judge's consideration of functional equivalence, so no individual consideration of the analysis of each of the domains is necessary here.

As an alternative ground for remand, the plaintiff contends that the administrative law judge wrongly interpreted raw medical data in reaching his conclusions. *Id*. at 4-5. She does not identify the raw medical data that she alleges was interpreted by the administrative law judge. When asked at

---

³ When asked at oral argument to do so, counsel for the plaintiff referred only to pages 295-327 of the Record, again without specifying any particular medical evidence or tying it to any particular element of any particular Listing.

⁴ At oral argument, counsel for the plaintiff asserted that there was evidence of marked limitations in the domains of personal hygiene and social functioning, but cited only school records in support of this assertion. The Childhood Disability Evaluation Forms completed by two state-agency psychologists found no limitations, Record at 214, 216, or less than marked limitations, *id*. at 276, 278, in these
(*continued on next page*)

oral argument to identify such data, counsel for the plaintiff responded merely that "all of the competing psychiatric evidence" was raw medical evidence, a position so generalized as to be of little or no assistance to a reviewing court. The plaintiff contends that the administrative law judge "minimizes the severity and the complexity of her son's mental health problems," *id.* at 5, but doing so does not necessarily involve interpretation of raw medical data. In the case law cited by the plaintiff, the First Circuit in *Manso-Pizarro* held that the medical evidence did not appear "to be so mild as to make it obvious to a layperson that the claimant's ability to perform her particular past work . . . was unaffected" and the commissioner agreed that the record showed "serious conditions," *Manso-Pizarro,* 76 F.3d at 19, so that consideration by a medical expert was necessary; in *Gordils v. Secretary of Health & Human Servs.*, 921 F.2d 327 (1st Cir. 1990), the First Circuit held that an administrative law judge may "render[] . . . common-sense judgments about functional capacity based on medical findings, as long as [he] does not overstep the bounds of a lay person's competence and render a medical judgment," *id.* at 329; and, in both *Justason v. Barnhart*, 2005 WL 3263934 (D. Me. Nov. 30, 2005) at *3, and *Moore v. Barnhart*, 2005 WL 1231497 (D. Me. May 24, 2005) at *2, I recommended that a decision of an administrative law judge rejecting uncontradicted medical evidence on a complicated issue be overturned on this basis. However, in each of those cases, the "raw medical evidence" was specified and the complexity of the impairment at issue was apparent. Here, the plaintiff merely asserts in conclusory fashion that the claimant's mental health problems were complex, without indicating any uncontradicted medical evidence that is inconsistent with the administrative law judge's conclusions or any of the administrative law judge's conclusions that could only constitute the rendering of a medical judgment. None are apparent to me in my reading of the administrative law judge's opinion.

---

domains in reviews dated after the school records cited by counsel for the plaintiff at oral argument, *id.* at 173, 213, 275. The (*continued on next page*)

**Conclusion**

For the foregoing reasons, I recommended that the commissioner's decision be **AFFIRMED**.

*NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within ten (10) days after being served with a copy thereof.  A responsive memorandum shall be filed within ten (10) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 6th day of March, 2005.

/s/ David M. Cohen
David M. Cohen
United States Magistrate Judge

---

administrative law judge was entitled to rely on the medical evidence provided by the state-agency psychologists.